**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Aureliano RODRIGUEZ–LOPEZ, Defendant-Appellant.**

**No. 26861.**

United States Court of Appeals, Ninth Circuit.

April 27, 1971.

O. J. Wilkinson, Jr., of Lim, Wilkinson & Quarelli, Phoenix, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Joseph S. Jenckes, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant was convicted of smuggling into the United States approximately 40 kilos of marihuana, in violation of 21 U.S.C. § 176a. The contraband was discovered by United States customs agents at the port of entry in the automobile appellant was driving.

As we understand it, appellant's contention is that the conduct of the customs officers deprived appellant of his right to due process of law. Noting that, during the search of his vehicle the officers detained him in a room at the customs office where he was unable to observe what went on, he argues that he was

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

**732**

thus "placed in the untenable position of being left totally ignorant of the manner in which the search was conducted, the type and quantity of the contraband found or even whether any contraband in fact was found. As a result, he is precluded from coming into court and testifying with respect to the search."

It is undisputed that this was a border search and hence "reasonable" within the purview of the Fourth Amendment. Alexander v. United States, 362 F.2d 379 (9th Cir. 1966), cert. denied, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439. Given that predicate, the conclusion is inescapable that appellant's complaint does not rise to one of constitutional dimension.

Judgment affirmed.